# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBBY DEE KESLER, | § | |
| | § | |
| | § | **CIVIL ACTION NO.  5:20-CV-00148-RWS** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN S. SALMONSON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Robby Dee Kesler, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Court referred this matter to the United States Magistrate Judge.  The Magistrate Judge recommends dismissing the petition for writ of habeas corpus.  Docket No. 3 ("Report and Recommendation").  The petitioner filed objections to the Report and Recommendation.  Docket No. 5.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.  The Court has conducted a *de novo* review of the Petitioner's objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

In his petition, the Petitioner argued his federal sentence should have been reduced pursuant to § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time credited to a related sentence imposed by a state court.  This claim does not

challenge the manner in which the Petitioner's sentence is being executed or calculated by the Bureau of Prisons. Rather, the Petitioner attacked the legality of the sentence as imposed, based on the sentencing court's alleged failure to apply a provision of the Sentencing Guidelines to reduce the Petitioner's federal sentence. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This court is bound by circuit precedent, which holds that the savings clause of § 2255(e), which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, the Petitioner's claim regarding his sentence failed to meet either prong of the *Reyes-Requena* test. The Petitioner's claim did not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the Petitioner's initial ground for review is not based on a retroactively applicable Supreme Court decision, and it was not foreclosed at the time of trial. Therefore, the Petitioner may not pursue his claim concerning his sentence in a habeas petition filed pursuant to § 2241.

In his objections to the Report and Recommendation, the Petitioner now argues that the Bureau of Prisons incorrectly calculated his federal sentence by failing to allow him presentence credit from June 29, 2015, the date he was taken into federal custody via a writ of habeas corpus ad prosequendum, through January 12, 2017, the date his federal sentence was imposed.

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). In this case, the Bureau of Prisons correctly concluded that the Petitioner's sentence commenced on January 12, 2017, because it was ordered to run concurrently with his previously imposed state sentence.

Petitioner argues that he is entitled to presentence credit from the time he was taken into federal custody until he was sentenced. Under certain circumstances, a defendant convicted of a federal crime is entitled to credit for time spent in official detention prior to the date the sentence begins. Title 18 U.S.C. § 3585 provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal*, 341 F.3d at 428. Because the time that the Petitioner spent in custody from June 29, 2015, through January 11, 2017, was credited toward his state sentence, he is not entitled to also have

the time credited toward his federal sentence. *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). Further, the Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, because it was credited toward his state sentences. *Lopez v. Jeter*, 170 F. App'x 894, at *1 (5th Cir. 2006). The Bureau of Prisons correctly calculated the Petitioner's federal sentence. Thus, the petitioner is not entitled to his requested habeas relief.

Accordingly, petitioner's objections are **OVERRULED**. It is

**ORDERED** that Magistrate Judge's Report and Recommendation (Docket No. 3) is **ADOPTED** as the opinion of this Court and Kesler's petition for writ of habeas corpus is **DISMISSED**.

**SIGNED this 25th day of May, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE